IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEREMY CARY,

    Petitioner,

v.                                                   CASE NO. 5:13-cv-28-RS-GRJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition–which is unsigned and unaccompanied by a motion for leave to proceed as a pauper or the filing fee–stems from Petitioner's convictions in the Peoria Division of the Central District of Illinois for failure to register as a sex offender. *See United States v. Cary*, Case No. 1:11-cr-10054-JBM-JAG-1. Petitioner pleaded guilty and was sentenced on December 5, 2011 to 33 months imprisonment followed by 20 years of supervised release.

Petitioner is now incarcerated at F.C.I. Marianna, which is located within the Northern District of Florida. In his § 2241 petition, Petitioner contends that he was improperly sentenced as a "Tier 3" sex offender, and had he been properly sentenced as a "Tier 1" sex offender, his guidelines would have been 24-30 months rather than 33-41 months. Petitioner asks this Court to re-sentence him to 24 months in prison. Petitioner assumes that because he initially received a sentence at the low end of the guidelines, this will apply in any re-sentencing. He also asks that this Court reduce his

20-year term of supervised release to 5 years. (Doc. 1.)

Petitioner's § 2241 petition is due to be dismissed. Petitioner currently has a § 2255 motion to vacate pending in his sentencing court. *Cary v. United States of America*, Case No. 1:12-cv-01469-JBM (C.D. Ill.) Petitioner filed that petition on November 13, 2012 and several motions are currently pending in that court requesting expedited review. (*Id.* at Docs. 5, 9, 10, 11, 12, 13.) On January 23, 2013, Petitioner filed a petition for writ of mandamus with the Seventh Circuit Court of Appeals raising the same claim he has raised in the instant petition, asking the circuit court to compel the district court to review his § 2255 petition on an expedited basis. (*Id.* at Doc. 15; *Cary v. United States of America*, Case No. 13-1159 (7th Cir.). According to his filing in the Seventh Circuit, if he is not re-sentenced by February 6, 2013, at which time he will have served 24 months, he will be held pursuant to an illegal sentence.

Section 2241 provides a limited, additional basis for habeas actions brought by federal prisoners to challenge the execution of their sentences (i.e., the federal Bureau of Prison's calculation of a sentence). In the instant case, Petitioner is not attacking the execution of his sentence but rather the sentence itself, in which case § 2255 is the appropriate remedy. On rare occasions, it is possible for federal prisoners to attack their convictions and sentences through § 2241 as opposed to § 2255. However, in order for this "savings clause" provision of § 2255 to apply and for the § 2241 to be entertained, a petitioner must show that the remedy provided under § 2255 is inadequate or ineffective. *McGhee v. Hanberry*, 604 F. 2d 9, 10 (5th Cir. 1979).

In the instant case, Petitioner's § 2255 petition is currently pending before the

sentencing court.[1] Petitioner's concerns regarding the timeliness of review of his petition were raised in his many motions for emergency review and petition for writ of mandamus to the Seventh Circuit. The instant § 2241 petition is an attempt to persuade this Court to consider a § 2255 claim where his motion to vacate (containing the same claim) is currently pending before the sentencing court. Petitioner is not challenging the execution of his sentence, nor is he entitled to relief under the savings clause provision of § 2255. Petitioner's argument that § 2255 is inadequate because the sentencing court is not acting as timely as he would like them to is without merit. Accordingly, the instant petition is due to be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 25th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] However, an unsuccessful § 2255 motion is insufficient on its own, and § 2241 cannot be used to circumvent restrictions on successive § 2255 motions. In *Wofford*, the Eleventh Circuit held that a defendant may only avail himself of the savings clause of § 2255 when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. However, even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

*Case No: 5:13-cv-28-RS-GRJ*